

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2008

# USA v. Boika

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3785

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Boika" (2008). *2008 Decisions.* Paper 1689.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1689

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3785
_____

UNITED STATES OF AMERICA

v.

ALIAKSANDR BOIKA
a/k/a
ALEXANDER BOIKO

Aliaksandr Boika,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 03-cr-00889-2)
District Judge:  Honorable Dennis M. Cavanaugh
_____

Submitted Under Third Circuit LAR 34.1(a)
January 7, 2008

Before:  FISHER, HARDIMAN and ALDISERT, *Circuit Judges*.

(Filed: January 29, 2008)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Pursuant to a plea agreement on February 28, 2005, Aliaksandr Boika pleaded guilty to conspiracy to advertise child pornography in violation of 18 U.S.C. § 2251(e), and conspiracy to commit money laundering with proceeds of child pornography in violation of 18 U.S.C. § 1956(h). The District Court sentenced Boika to 300 months in prison and he timely appealed. Boika's counsel now requests leave to withdraw and has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no nonfrivolous issues to appeal. We will grant the *Anders* motion and affirm the judgment of the District Court.

## I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Aliaksandr Boika, a citizen of Belarus, signed a plea agreement on February 28, 2005, wherein he pleaded guilty to conspiracy to advertise child pornography and conspiracy to commit money laundering with proceeds from child pornography. As part of that plea agreement, Boika waived his right to appeal the conviction or sentence[1] and in return he received a lesser sentence. Because Boika is not fluent in English, a

---

[1]The agreement permitted an appeal only if the sentence ultimately imposed was above the calculated United States Sentencing Guidelines range. That is not the case here.

Belarusian interpreter was employed to translate the plea agreement and conveyed its terms to Boika. This all took place in the presence of Boika's counsel. Consequently, Boika signed an application for permission to enter a plea of guilty that was again translated by the interpreter and signed by Boika in the presence of counsel. Boika's counsel then certified that to the best of his knowledge and belief, the statements, representations and declarations made by Boika in his application for permission to enter a plea of guilty were in all respects accurate and true. Counsel also certified that the guilty plea as offered by Boika in the application and in open court on February 28, 2005, was knowingly and voluntarily made with full understanding of the consequences of the plea.

At the ensuing plea hearing on February 28, 2005, the District Court reviewed both the plea agreement and the application for permission to enter a plea of guilty with Boika. Appellant certified, through the interpreter, that he understood the plea agreement and was pleading guilty. Boika's counsel, when questioned by the court, stated that he was satisfied that Boika entered the plea voluntarily and with full knowledge of his rights and responsibilities under the agreement. In accordance with the parties' plea agreement stipulations to the same, the District Court calculated a total offense level of 40, yielding a United States Sentencing Guidelines ("guideline") range of 292 months to 365 months. The District Court then sentenced him to 300 months in prison. This appeal followed. Pursuant to *Anders*, Boika's counsel now moves to withdraw.

3

## II.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Furthermore, we have jurisdiction over appeals, even where, as here, the defendant has waived his right to appeal. *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007). However, this court has held that "we will not exercise that jurisdiction to review the merits of [such an appeal] if we conclude that [the defendant] knowingly and voluntarily waived h[is] right to appeal unless the result would work a miscarriage of justice." *Id.*[2] Because Boika entered a guilty plea, the issues he may raise on appeal are limited to challenging the validity of his indictment or guilty plea. *See Menna v. New York*, 423 U.S. 61, 62 (1975) (citing *Blackledge v. Perry*, 417 U.S. 21, 30 (1974)).

## III.

The Supreme Court has held that if counsel "finds [an appeal] to be wholly frivolous, after a conscientious examination" of the record, he should "so advise the court and request permission to withdraw." *Anders*, 386 U.S. at 744. Following counsel's examination of the record, he must submit a brief addressing any issues that might "arguably support the appeal." *Id.* Once counsel has filed an *Anders* motion and submitted a brief, we must then decide whether the appeal before us is wholly frivolous.

---

[2]*See United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001) ( "Waivers of appeals, if entered into knowingly and voluntarily, are valid."). The hearing transcript demonstrates that Boika entered into his plea agreement, after it was translated, knowingly and voluntarily and we find that such a waiver does not work a miscarriage of justice in this case. He has therefore waived his right to appeal. *See also* Part III.B of this opinion.

4

Accordingly, our twofold inquiry is (1) whether counsel has thoroughly examined the record for appealable issues and explained why such issues are frivolous, and (2) whether an independent review of the record presents any nonfrivolous issues. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001) (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)). In addition, counsel must show that he adequately fulfilled the requirements of L.A.R. Rule 109.2(a).[3] *Id.*

### A.

Under the first prong of our inquiry, counsel must present sufficient information "to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and . . . explain[ed] why the issues are frivolous." *Youla*, 241 F.3d at 300. Counsel need not raise and reject every possible claim, rather he must "provide sufficient indicia that he thoroughly searched the record and the law in service of his client so that we might confidently consider only those objections raised." *Id.* In his brief, counsel raises two possible issues for appeal, (1) whether the plea was knowing and voluntary, and (2) whether trial counsel was ineffective. Boika's counsel sufficiently explains why, in his opinion, these claims are frivolous. After reviewing counsel's brief and the accompanying materials, we conclude that he has satisfied the first prong of this test.

---

[3]There is no evidence here that counsel did not fulfill these responsibilities. Boika was presented with a copy of Appellant's Brief and has not chosen to raise any additional issues for us to consider at this time. Thus, the requirements of L.A.R. Rule 109.2(a) have been satisfied.

**B.**

Under the second prong of this test, we must independently review the record and determine whether any nonfrivolous issues exist for appeal. An appeal is frivolous as a matter of law where "'none of the legal points [are] arguable on their merits.'" *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (quoting *Anders*, 386 U.S. at 744). In proceeding with our independent review, "where an *Anders* brief initially appears to be adequate on its face, the proper course is for the appellate court to be guided in reviewing the record by the *Anders* brief itself." *Youla*, 241 F.3d at 301. Consequently, a "complete scouring of the record" is unnecessary. *Id.* Because the *Anders* brief filed here by counsel is adequate on its face, we are accordingly guided by that brief.

We agree with counsel that there are no nonfrivolous issues concerning the validity of the plea. In order for a plea to withstand a challenge on review, it must meet both the statutory requirements of Federal Rule of Criminal Procedure 11 ("Rule 11") and the constitutional requirements of *Boykin v. Alabama*, 395 U.S. 238 (1969). A review of the plea agreement proceedings establishes that the District Court, through the use of an interpreter, properly questioned and advised Boika of his rights, took affirmative steps "to ensure that the plea was intelligent and voluntary," and ascertained the factual basis for the plea pursuant to *Boykin* and Rule 11. *See Boykin*, 395 U.S. at 242.

As to any claim regarding the ineffective assistance of counsel, we agree with counsel that there exists no issue of ineffectiveness. Issues regarding the ineffectiveness

6

of trial counsel in this case are meritless because they cannot be adjudicated on direct appeal. *United States v. Garth*, 188 F.3d 99, 107 n.11 (3d Cir. 1999).

In addition to these claims, we find that any argument concerning the reasonableness of Boika's sentence would be frivolous. In particular, Boika agreed, pursuant to his plea agreement, to waive any appeal of his sentence so long as that sentence fell within the range calculated by the judge at sentencing. Based on the parties' stipulated offense level, the District Court sentenced Boika to 300 months, which falls at the low end of the range calculated by the Court. As we have already determined, his plea agreement was entered into knowingly and voluntarily, thus waiving any right to appeal on this ground. Consequently, any claim regarding Boika's sentence is without merit and therefore frivolous.

Accordingly, after conducting our own independent review, there are no nonfrivolous issues for appeal. For the foregoing reasons, we will affirm the judgment of the District Court and grant counsel's motion to withdraw.[4]

---

[4]As a result, we conclude that it is not necessary to appoint counsel to file a petition for rehearing in this Court or a petition for writ of certiorari in the United States Supreme Court on Boika's behalf. *See* L.A.R. Rule 109.2(b).